Filed 10/22/24  P. v. Leverette CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANTE LEVERETTE,<br><br>    Defendant and Appellant. | B334716<br><br>(Los Angeles County<br>Super. Ct. No. SA073833) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

————————————

Dante Leverette got out of a car and shot at several police officers during a traffic stop. A jury convicted him on three counts of attempted murder, three counts of assault with a semiautomatic firearm on a peace officer, and one count of possession of a firearm by a felon. The trial court twice sentenced Leverette, but we reversed both times. Leverette appeals from his third resentencing.

We appointed counsel to represent Leverette in this appeal. Counsel for Leverette reviewed the record and did not identify any arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436.) Nor, after reviewing the record independently, have we. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Leverette Shoots an Officer from a Car*

Late one night in May 2010, Leverette was a passenger in the front seat of a car driven by David Dearth. At some point Officer Kevin McInerney observed the car's headlights were not on; Dearth saw red and blue lights from McInerney's patrol car. Leverette said to Dearth, "You have a cop following you." Dearth turned on his headlights and pulled over. (*People v. Leverette* (Jan. 12, 2021, B292120) [nonpub. opn.] (*Leverette I*).)

As Officer McInerney conducted the traffic stop, another officer, Benito Seli, arrived as backup, and Sergeant Robert Hernandez came to observe. Officer McInerney told Dearth to get out of the car for a field sobriety test. Leverette remained in the car. Officer Seli walked to the passenger side of Dearth's car. When Officer Seli got close to Dearth's car, Leverette opened the passenger door, leaned against it, and fired two shots at Officer

Seli, one of which hit the officer in his lower abdomen. Leverette fled, but was captured. Officer Seli suffered serious injuries. (*Leverette I*, *supra,* B292120.)

B. *A Jury Convicts Leverette on All Counts, but We Reverse Two of the Attempted Murder Convictions*

A jury convicted Leverette on three counts of attempted willful, deliberate, and premeditated murder, three counts of assault with a semiautomatic firearm on a peace officer, and one count of possession of a firearm by a felon. The jury also found true allegations Leverette personally and intentionally used and discharged a firearm causing great bodily injury or death, within the meaning of Penal Code section 12022.53, subdivisions (b)-(d),[1] and section 12022.5, subdivisions (a) and (b). (*Leverette I*, *supra*, B292120.)

The trial court sentenced Leverette to a prison term of 120 years to life (three consecutive terms of 15 years to life for the attempted murder convictions, plus three terms of 25 years to life for the enhancements under section 12022.53, subdivision (d)), plus seven years (the upper term of three years for possession of a firearm by a felon, plus two years for an on-bail enhancement and two one-year prior prison term enhancements). The court stayed imposition of sentences on the three convictions for assault on a peace officer with a semiautomatic firearm. (*Leverette I*, *supra*, B292120.)

Leverette appealed. He argued substantial evidence did not support two of his attempted murder convictions. We reversed those two convictions, rejected Leverette's other

---

[1]     Statutory references are to the Penal Code.

3

arguments, and directed the trial court to resentence Leverette on his remaining convictions. (*Leverette I, supra,* B292120.)

C. *The Trial Court Resentences Leverette and Imposes Three Upper Terms*

At the resentencing hearing, the trial court sentenced Leverette to a prison term of 111 years to life. On the attempted murder conviction (for the officer Leverette hit with a bullet), the trial court imposed a term of 15 to life, plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d). On two of Leverette's convictions for assault with a semiautomatic firearm on a peace officer (for the two officers Leverette did not hit), the court imposed the upper term of nine years, plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d). And on the conviction for possession of a firearm by a felon, the court imposed the upper term of three years.

We reversed again. (*People v. Leverette* (Feb. 7, 2023, B317627) [nonpub. opn.] (*Leverette II*).) We held "the trial court erred in imposing the multiple upper terms without a stipulation or a jury finding true beyond a reasonable doubt the facts underlying the circumstances justifying those terms." (*Ibid.*) We also concluded the error was not harmless and ordered the trial court to resentence Leverette.

D. *The Third Sentencing Hearing*

At the next sentencing hearing, the trial court declined to strike the firearm enhancement, finding "it would not be in the interest of justice." The trial court sentenced Leverette on the attempted murder conviction to 15 years to life, plus 25 years to

4

life for the firearm enhancement. On two of the assault convictions (one of which was stayed pursuant to section 654), the trial court selected the middle term of seven years, plus 25 years to life for the firearm enchantment. On the third assault conviction, the court imposed a sentence of two years four months, plus 25 years to life for the firearm enhancement. On the conviction for possession of a firearm by a felon, the court imposed a term of eight months. The trial court also recalculated Leverette's fines, fees, and custody credits.

## DISCUSSION

We appointed counsel to represent Leverette in his appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Leverette on August 19, 2024 that he could personally submit any contentions or issues he wanted the court to consider. Counsel also sent Leverette the record on appeal, as well as a copy of her brief. We also sent Leverette a letter on August 19, 2024, advising him that within 30 days he could submit a supplemental brief or letter stating any grounds for an appeal, or contentions or arguments which he wishes this court to consider. We have not received a response from Leverette.

We have examined the record and are satisfied that appellate counsel for Leverette has complied with her responsibilities and that there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende, supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.